

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00101-CR

_____

DAVID RAY PENNY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1323669

Before Morriss, C.J., Moseley and Burgess, JJ.

O R D E R

David Ray Penny was convicted by a Hopkins County jury of continuous sexual abuse of a child and was sentenced to life imprisonment. Penny raises a single point of error, which may require a harm analysis, for which analysis we must review the entire record. The record includes what is portrayed as a video-recording of an interview of the complainant conducted at the Child Advocacy Center. It is obvious, from the use of five different computers during trial to attempt to play the video and audio components of the recording, that the recording was not made using a conventional recording system. The trial court eventually found a computer that would fully play the video. This Court has not been so lucky. We have used a number of video-playing programs as well as some other programs that are designed to open a wide range of filed, but without success. Although we have been able to play the audio track, we have not managed to display any video component of the recording in our possession.

Under Rule 34.6(f)(3) of the Texas Rules of Appellate Procedure, if an exhibit is not available through no fault of appellant, we are required to reverse and order a new trial.

> (f)     Reporter's Record Lost or Destroyed. An appellant is entitled to a new trial under the following circumstances:
>
> (1) if the appellant has timely requested a reporter's record;
>
> (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or--if the proceedings were electronically recorded--a significant portion of the recording has been lost or destroyed or is inaudible;
>
> (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f)(3). In this case, State's Exhibit One is only partially usable; its video component is effectively lost or destroyed.

To attempt to correct this loss or destruction, we abate the appeal to the trial court. The trial court should first determine whether the parties can replace the lost or nonfunctional portion of the exhibit by agreement of the parties. If they cannot agree, the trial court must determine whether a fully functional video recording of the interview purportedly on the exhibit can be provided that "duplicates with reasonable certainty the original exhibit." TEX. R. APP. P. 34.6(f)(4).

These matters shall be determined at a hearing, which shall occur within twenty-one days of the date of this order. The trial court's findings shall be entered into the record of this case and presented to this Court in the form of a supplemental clerk's record within fifteen days of the date of the hearing. The reporter's record of the hearing shall also be filed in the form of a supplemental reporter's record within fifteen days of the date of the hearing, along with a fully functional audio/video recording intended to be on the exhibit, should one be available.

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's and reporter's records. The submission date of the case is likewise stayed, and a new submission date will be set on the return of this case to this Court's jurisdiction.

3

IT IS SO ORDERED.

BY THE COURT

Date:   January 28, 2015